USE OF THE NEWS PUBLISHING COMPANY, A CORPORATION OF THE STATE OF DELAWARE, *vs.* PIERCE GOULD, WINFIELD S. QUIGLEY, JOSEPH H. GOULD, GEO. W. VERNON AND DANIEL F. STEWART.

*Case Stated—Sheriff's Recognizance—Liability for advertising Charges.*

1. The law directs the sheriff to advertise sales in newspapers, and it would seem that he is the agent of the Court in the execution of the writ, and that the publishers, when selected by the sheriff, are also agents of the Court in the execution of the writs, and interested in the proceeds arising therefrom.

2. As to bills for advertising, the sheriff comes within the provisions of the statute which says : "That he shall well and truly serve and execute all writs and process to him delivered without delay, and shall, upon request to him made for that purpose, well and truly pay or cause to be paid to the several suitors or persons interested therein,"—that is, in the writs and process in the sheriff's hands—" all and every sum or sums of money to them respectively belonging."

3. Our statute makes the sheriff a mere instrument of the Court, and as such his recognizance as sheriff is security for the advertising.

( *June 18, 1898.* )

LORE, C. J. and SPRUANCE and GRUBB, J. J., sitting.

*Anthony Higgins* for plaintiff.

*Benjamin Nields* for defendants.

Superior Court, New Castle County, No. 115 May Term, 1895.

CASE STATED ; argued at the May Term, 1898. Narr in debt on recognizance of Pierce Gould, Sheriff, with the above named defendants as sureties.

And now to wit, this fourth day of June, A. D., 1896, the said plaintiff and the said defendants by their respective counsel agree upon the following facts in the above stated cause, in the nature of a special verdict, upon which they request the Court to enter judgment. If the plaintiff is entitled to recover, the

judgment shall be for the sum of four hundred and fifty-nine dollars and twenty-three cents ($459.23) otherwise judgment for defendants for costs.

Pierce Gould, as Sheriff-elect of New Castle County, entered into a recognizance in this Court on the twenty-seventh day of November, A. D., 1893, for the sum of fifty thousand dollars, with Winfield S. Quigley, Joseph H. Gould, George W. Vernon and Daniel F. Stewart as sureties. Upon this recognizance this suit is brought to recover the amount above stated.

From and after the said twenty-seventh day of November, A. D., 1893, until the twenty-sixth day of November, A. D., 1894, the said Pierce Gould was Sheriff of New Castle County as aforesaid. That in pursuance of the acts of the General Assembly of the State of Delaware, the said News Publishing Company published in The Morning News, a newspaper published by the said company in the City of Wilmington in said county, printed notices of sales under execution process in said plaintiff's newspaper, for which the sheriff received the money from the parties to the proceedings.

It is also agreed that the account filed by the plaintiff herewith contains an accurate statement of the notices advertised, and the kind of proceedings, and that the charges are correctly made, and that the balance due is four hundred and fifty-nine dollars and twenty-three cents.

This paper is made part of this case, and each party shall have the right to refer to the process and records in the cases mentioned in said statement.

The question presented to the Court for its decision is, are the sureties in said recognizance liable for the advertising upon the facts above stated ?

LORE, C. J :—In the above case, which has been argued ably by counsel, the Court have reached a conclusion, which we will now announce :

The question raised on the case stated is, whether the sheriff, as sheriff so as to bind his sureties under his recognizance, is liable to the publishers of '' The Morning News'' for

bills for advertising sales under the writs and process of this Court ; or, whether his sureties are not liable therefor. That is the sharp question raised before us.

Under the statute, (Revised Code, 1874, Chapter 125), there shall be paid to the sheriff for advertising sales in newspapers ''such fees as shall be allowed by the Court.''

Turning to Section 23 of Chapter 111, you find that in the execution of a writ for the sale of property, the sheriff is authorized and directed by the law to select two newspapers, if there be two in the county where the property is situated, if not, then one in each of these counties. He is directed to publish these notices in the newspapers, and, furthermore, the law directs him as to the maximum sum which he is permitted to pay for that work to each newspaper ; that he shall not pay for such advertising a higher rate than the ordinary rate for transient advertising. Therefore the law directs him as sheriff to do this particular work, and it would seem that he is the agent of the Court in the execution of that writ, and that the publishers when selected by the sheriff are also agents of the Court in the execution of the writs and interested in the proceeds arising therefrom.

The money came to his hands simply as a conduit. Being the proceeds of the sale of property ; he has not disposed of this much of the money. It is still in his hands ; this duty is still unperformed. Unless he has lawfully transferred it from his hands as sheriff, the conclusion is inevitable that it is yet in his hands as a sheriff, for which he is liable upon his official recognizance. The only ground that another view could be based upon, would be that the money was a part of his fees assessed under this first chapter to which I referred, and that by the operation of the statute when it comes to his hands it passes at once from his hands as sheriff and becomes his as an individual.

We think our statute controls ; and that no such transfer takes place. It seems to us that as to such bills for advertising ; the sheriff comes within the provision of the statute which says : ''That he shall well and truly serve and execute all writs and process to him delivered without delay, and shall, upon request to him made for that purpose, well and truly pay or cause to be

paid to the several suitors *or persons interested therein*"—that is, in the writs and process in the sheriff's hands—"all and every sum or sums of money to them, respectively, belonging."

It seems to us that this advertising was his duty as the sheriff, under the peculiar provisions of our statute, and that in this he was merely the hand of the Court. This duty was placed upon him under the provisions of the statute in the execution of these writs. Upon this view of the statute, it made these publishers interested in the proceeds as a part of the machinery expressly recognized by law by which these writs were executed; to wit, advertising under and by virtue of the statute.

The condition of this recognizance is substantially like the recognizance of sheriffs under the law of Pennsylvania. There is a transposition of words, but in effect it is the same. What Judge Strong has said in *Commonwealth vs. Swope, 45 Pa. St. 535,* does not govern us; we know nothing as to the Pennsylvania statute governing this matter of advertising; it may be left absolutely in the hands of the sheriff. We are not informed whether it presents a case parallel with our law. But we are construing our own statute, of which this recognizance is only a part and we are governed by other provisions of the statute in that behalf regulating this question of advertising. Our statute makes the sheriff a mere instrument of the Court, and as such his recognizance as sheriff is security for the advertising. This is not a contract with a person unknown to the law, but with a person recognized by the law as a part of the machinery in the execution of the writ and interested therein.

We therefore order that judgment be entered in favor of the plaintiff for the amount agreed upon in the case stated as the correct amount due for advertising.

Judgment for plaintiff for $459.23.